**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

|  |  |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN, | No. |
| Plaintiffs, | |
| v. | |
| DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*, | |
| Defendants. | |

## D.N.J. LOCAL RULE 10.1 STATEMENT

1.      The plaintiffs in this action are Atlas Data Privacy Corporation, Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and William Sullivan.  The address for Atlas Data Privacy Corporation listed in the operative complaint is 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302.  The remaining addresses of the plaintiffs are unknown to Data Axle, Inc. ("Data Axle"), which is filing this Notice of Removal. Data Axle cannot locate the identities of Jane Doe-1 and Jane Doe-2 as the actual identities are not known.  The addresses of the remaining plaintiffs cannot be determined currently by Data Axle. Plaintiffs are represented by Rajiv D. Parikh and Kathleen Barnett Einhorn of Genova A Burns LLC, located at 494 Broad Street Newark, New Jersey, 07102.  The plaintiffs are also represented by John A. Yanchunis of Morgan & Morgan, located at 201 N. Franklin Street, 7th Floor, Tampa FL, 33602.

2.      The defendant in this action is Data Axle, a Delaware corporation, whose principal place of business is located at 13155 Noel Road, Suite 1750, Dallas, TX 75240.  Data Axle is represented by Greg Scaglione and Timothy R. Hutchinson of Koley Jessen, P.C. L.L.O. located at 1125 S 103rd St, Suite 800, Omaha, NE 68124 (pro hac vice admissions pending), and Michael D. Margulies and Julia E. Duffy of Carlton Fields, P.A., located at 180 Park Avenue, Suite 106, Florham Park, N.J. 07932.

## NOTICE OF REMOVAL

3.      Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Data Axle removes to the United States District Court, District of New Jersey the above captioned action, pending as Case No. MON-L-000483-24 in the Superior Court of New Jersey, Law Division, Monmouth County (the "State Court Action").  Removal is proper under diversity jurisdiction.  Removal is

also proper under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), 28 U.S.C. §§ 1453, 1711-15 and 28 U.S.C. § 1453, because this is a mass action, and thus federal jurisdiction is proper.  In support, Data Axle states the following:

## <u>INTRODUCTION</u>

4.      On February 7, 2024, plaintiffs Atlas Data Privacy Corporation ("Atlas"), Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and Peter Andreyev (hereafter and collectively, "Plaintiffs") filed the State Court action against Data Axle and other defendants listed with fictitious names for unknown individuals and unknown entities.  Data Axle is without sufficient knowledge as to who those other named defendants may be.  Data Axle is also uncertain if those unknown defendants have been served.

5.      A copy of Plaintiffs' Complaint is attached hereto as **Exhibit A**.  The Complaint alleges that Data Axle has violated Daniel's Law (N.J.S.A. 47-1A-1, *et seq.* and N.J.S.A. 56:8-166.1).

6.      Atlas purports to be a Delaware corporation. (Complaint, ¶24).  Atlas purports to assert "claims against Defendants as the assignee of the claims of approximately 19,390 individuals who are all 'covered persons' under Danile's Law." (*Id.* ¶25).  This Notice of Removal is based on the Complaint and Data Axle expressly denies that Plaintiffs are entitled to any relief.  Further, Data Axle does not admit the truth of the facts asserted in the Complaint, the validity of any claims in the Complaint, or the entitlement for any relief in the Complaint.

7.      Data Axle accepts the allegations in the Complaint as true, only to the extent that it must at this stage, solely for the purposes of establishing federal jurisdiction for this matter.  Data Axle reserves all rights to dispute all allegations against it in the future and to refute or deny any and all allegations contained in the Complaint.

**LEGAL STANDARD**

8.      "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 135 S. Ct. 547, 553, 190 L. Ed. 2d 495 (2014); *quoting* 28 U.S.C.A. § 1446(a).  The notice of removal shall also contain "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C.A. § 1446(a).  "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based" or within 30 days after service of summons upon the defendant.  28 U.S.C.A. § 1446(b).  "No evidentiary support is required, and the Court should accept a defendant's allegations unless they are contested by the plaintiff or questioned by the Court."  *Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp./ 3d 536, 540 (D.N.J. 2020).

9.      "The notice of removal may assert the amount in controversy if the initial pleading seeks…nonmonetary relief [or] a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded."  28 U.S.C.A. § 1446(c)(2).

**PARTIES**

10.      Plaintiff Atlas is incorporated in Delaware and has "offices at 201 Montgomery Street, Suite 263, Jersey City, New Jersey 07302." (Complaint, ¶24). Atlas purports to assert "claims against Defendants as the assignee of the claims of approximately 19,390 individuals who are all 'covered persons' under Danile's Law." (*Id.* ¶25).

11.     The assignors for Atlas are "all 'covered persons' under Daniel's Law" (Complaint, ¶25), and the Plaintiffs have alleged that the covered persons all reside and/or conduct business in New Jersey. (Complaint, ¶41).

12.     Plaintiff Jane Doe-1 is a citizen of the State of New Jersey.  (*Id.* ¶15).

13.     Upon information and belief, Plaintiff Jane Doe-2 is a citizen of the State of New Jersey. (*Id.* ¶16).

14.     Upon information and belief, Plaintiff Edwin Maldonado is a citizen of the State of New Jersey. (*Id.* ¶17).

15.     Plaintiffs Sergeant Scott Maloney and Officer Justyna Maloney are citizens of the State of New Jersey (*Id.* ¶18).

16.     Upon information and belief, Plaintiff Patrick Colligan is a citizen of the State of New Jersey. (*Id.* ¶22).

17.     Upon information and belief, Plaintiff William Sullivan is a citizen of the State of New Jersey. (*Id.* ¶23).

## **ALLEGATIONS**

19.     Plaintiffs allege that "Plaintiffs and Covered Persons transmitted notice in writing to Defendants requesting that Defendants cease disclosure of their home address and/or unpublished home telephone number and cease its disclosure or re-disclosure on the Internet or wherever Defendants otherwise made it available." (Complaint, ¶57).

20.     Plaintiffs further allege that "Defendants had an obligation under Daniel's Law to comply with the request within ten (10) business days" but that "Defendants still refuse to comply with Daniel's Law" and "did not cease the disclosure or re-disclosure on the Internet or the

4

otherwise making available of information as required under Daniel's Law, and their failure in doing so each constitute a separate violation under the law." (Complaint, ¶¶58-60).

21.    Plaintiffs seek "actual damages, not less than liquidated damages under Daniel's Law, at '$1,000 for each violation;"…additional amounts for "punitive damages"… "reasonable attorneys' fees, interest (pre and post judgment) and litigation costs incurred)" and injunctive relief and equitable relief.  (Complaint, ¶62).

## REMOVAL UNDER DIVERSITY JURISDICTION

14.    Data Axle is entitled to remove the State Court Action pursuant to 28 U.S.C.A. § 1332(a), which provides the United States District Courts with original jurisdiction when (1) the parties are citizens of different states, and (2) the amount in controversy exceeds seventy-five thousand dollars ($75,000.000).

15.    Despite the fact that both Data Axle and Atlas are Delaware corporations, Data Axle strongly believes that Atlas was formed solely for the purpose of being assigned claims under Daniel's Law.  Data Axle believes the court can and should look beyond the pleadings in order to protect Data Axle's right to diversity jurisdiction.  *See Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 183 (5th Cir. 1990).  The Supreme Court of the United States has held that while a plaintiff has a right to proceed in state court, "it is equally true that the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court as to permit the state courts, in proper cases, to retain their own jurisdiction." *Wecker v. Nat'l Enameling & Stamping Co*., 204 U.S. 176, 186, 27 S. Ct. 184, 188, 51 L. Ed. 430 (1907).

**a.    Notice of removal is timely filed**

16.    "The notice of removal of a civil action…shall be filed within 30 days after the receipt by the defendant, through service or otherwise…or within 30 days after the service of summons upon the defendant…whichever period is shorter."  28 U.S.C.A. § 1446(a).  When the period is calculated by days, the computation of time is done by excluding the day of the event that triggers the period, count every calendar day, and include the last day *except* in an instance where "the last day is a Saturday, Sunday, or legal holiday" in which case the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." Federal Rule of Civil Procedure Rule 6(a).

17.    Here, Data Axle was served on February 22, 2024.  Based on FRCP 6(a), the deadline for removal was March 23, 2024, which fell on a Saturday.  Therefore, the deadline is March 25, 2024.

18.    This notice is therefore timely filed.

**b.    Amount in controversy**

19.    In its prayer for relief, Plaintiffs seek "actual damages, not less than liquidated damages under Daniel's Law, at $1,000.00 for each violation." (Complaint, at 23, ¶ (A)(internal citations omitted). There are allegedly 19,390 assignors, and seven other plaintiffs outside of Atlas. Plaintiffs have therefore pled an amount in controversy of at least $19,397,000.00, well above the $75,000.00 threshold requirement.  Data Axle firmly denies any and all wrongdoing and denies that Plaintiffs are entitled to any amount of damages, but an amount has been pled which exceeds $75,000.00.

### c.    Complete diversity exists

20.    For diversity jurisdiction to exist under Section 1332, there must be "complete" diversity; meaning all plaintiffs must be of different citizenship than all defendants.  *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806).  There is complete diversity in the above captioned matter, as set forth below.

### (1)    Data Axle's citizenship

21.    Data Axle is a Delaware corporation with a principal place of business in Texas. It is therefore not a citizen of New Jersey.

### (2)    Plaintiffs' citizenship

22.    Plaintiffs Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, and William Sullivan are all citizens of the State of New Jersey. (Complaint, ¶¶15-17, 22-23).  Plaintiff Atlas operates in New Jersey but is a Delaware corporation. (*Id.* ¶24).  However, here Atlas's Delaware incorporation is immaterial to the diversity analysis because Atlas is only a purported assignee of the claims of New Jersey citizens and/or residents. (*Id.* ¶ 25).

23.    Since Atlas is likely a partial assignee, and the assignors likely retain some rights (See Prayer for Relief in Complaint), Atlas's citizenship in assessing diversity should be disregarded. "A number of federal courts have refused to ignore the possibility that a plaintiff may have engaged in a collusive attempt to manipulate the forum for a particular lawsuit and have retained removed cases on the basis of diversity jurisdiction after they have inquired into the validity of a state law transaction."  § 3641 Devices to Defeat Diversity Jurisdiction—General Principles—Assignments, 13F Fed. Prac. & Proc. Juris. § 3641 (3d ed.); *see also Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 597 (9th Cir. 1996) (where it was held that

courts are "sensitive to and concerned by manipulations of their jurisdiction with partial assignments which lack reality and amount to no change in the identity of the party with the real interest in the outcome of the case."). Here, Atlas was formed in Delaware on April 27, 2021 according to the State of Delaware's database. (See **Exhibit B**). Daniel's Law was passed in November 2020. (Complaint, ¶8). Daniel's Law was amended on July 20, 2023 to allow for claim assignments. *See* N.J.S.A. 56:8-166.1b, d. Data Axle highly suspects that only afterwards did assignments begin as described in paragraph 25 of the Complaint.

24.     *Grassi* is instructive here. There, the defendant removed the case to federal court and the plaintiffs sought remand, arguing that a partial assignment of the plaintiffs' claims destroyed diversity jurisdiction. *Grassi*, 94 F.2d at 181-82. The *Grassi* court affirmed the denial of remand, holding that the district courts have "both the authority and responsibility under 28 U.S.C. §§ 1332 and 1441, to examine the motives underlying a partial assignment which destroys diversity and to disregard the assignment in determining jurisdiction if it be found to have been made principally to defeat removal." *Id.* at 185.

25.     The court has the inherent power to see through Atlas' Delaware incorporation, which is likely sought only to defeat a defendant's right to removal to a federal court. Given this, and the fact that the remaining seven plaintiffs are all citizens of the State of New Jersey, complete diversity exists and removal is proper.

### (ALTERNATIVE) REMOVAL UNDER CAFA – MASS ACTION

27.     In the alternative, this Court has jurisdiction as the above captioned matter is a "mass action" under CAFA. Data Axle believes that Atlas has sought to evade removal to federal court by refusing to seek certification as a class action, but applicable law provides that this matter is still removable under the "mass action" framework.

28.    The requirements for a class action to be removed to federal court under CAFA are (1) an amount in controversy exceeding five-million dollars ($5,000,000.00), (2) minimal diversity among the parties, and (3) that the class consist of at least 100 or more members.  See 28 U.S.C.A. § 1332(d)(2), (5)(B), (6).

29.    CAFA was enacted "to facilitate adjudication of certain class actions in federal court." *Dart*, 574 U.S. at 89.  "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Id.* (internal citations omitted).

30.    "Congress created the mass action in 2005, when it passed the Class Action Fairness Act (CAFA), a mostly jurisdictional statute."  *Robert D. Mabe, Inc. v. OptumRX*, 43 F.4th 307, 318 (3d Cir. 2022).  The drafters "feared that large-scale state litigation—deemed mass actions and brought under non-class joinder and consolidation rules—would evade CAFA's removal provisions simply because [the litigation] was not pursued under class action rules."  *Id.* "Mass action" is defined under CAFA as:

> any civil action (except a civil action within the scope of section 1711(2)) in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, except that jurisdiction shall exist only over those plaintiffs whose claims in a mass action satisfy the jurisdictional amount requirements under [§ 1332(a)]

28 U.S.C. § 1332(d)(11)(B)(i).  In sum, mass actions are deemed class actions which can be removed to a federal court if they otherwise meet the provisions of CAFA.  *See id.* at 319.  "In extending CAFA to large individual state court cases that are functionally indistinguishable from class actions, the mass action provision prevents plaintiffs' counsel from avoiding CAFA's

expanded federal jurisdiction by simply choosing not to seek class certification." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1198 n.32 (11th Cir. 2007) (internal citations omitted). Thus, federal jurisdiction exists under CAFA for a mass action that satisfies (1) the class action requirements of (a) minimal diversity and (b) the $5,000,000 aggregate amount-in-controversy; (2) numerosity for a mass action; and (3) the $75,000 individual amount-in-controversy requirement.

31.     Here, the provision of CAFA are met.   As provided above, the amount in controversy exceeds $5,000,000.00, and even by just calculating the "actual damages" of $1,000.00 per alleged violation approaches nearly twenty-million dollars.   There is minimal diversity, since at least one of the defendants (Data Axle) is has a different citizenship (Delaware and Texas) than at least one of the Plaintiffs.   Indeed all seven of the individual named plaintiffs are citizens of New Jersey.   Therefore, the minimal diversity requirement of 28 U.S.C.A. § 1332(d)(2) is met.

32.     CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100 members. 28 U.S.C. § 1332(d)(5). In counting such members, "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). The numerosity requirement, for jurisdictional purposes, is satisfied here.

33.     "[T]he Third Circuit found that partial assignees can be counted as class members when evaluating whether a class meets Rule 23's numerosity requirement." *Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. 06-0620, 2020 WL 5211035, at *10 (E.D. Pa. Sept. 1, 2020) (internal citations omitted). Therefore, the proposed class consists of the 19,390 assignors to Atlas,

and the seven other named plaintiffs; totaling at least 19,397. The proposed class members exceeds 100, and satisfies the CAFA criteria.

34.    As all criteria under CAFA have been met, removal under the mass action framework of CAFA is appropriate, as it is very likely that the Plaintiffs are attempting to evade the jurisdiction of a federal court by failing to certify as a class-action. Removal is therefore proper under this framework.

35.    There are exceptions to the mass action removal framework. See 28 U.S.C.A. § 1332(d)(11)(B)(ii). However, none of the claims herein were joined upon motion of a defendant, the claims are not asserted on behalf of the general public, and the claims in the Complaint have not been consolidated or coordinated solely for pretrial proceedings. The allegations in the Complaint do not stem from a single event or occurrence in New Jersey. Rather, the Complaint alleges that "each of the Individual Plaintiffs and all of the Covered Persons…sent Defendants written nondisclosure requests." (Complaint, ¶50).

## ALL OTHER REMOVAL REQUIREMENTS ARE MET

36.    Attached here as **Exhibit C** is a "copy of all process, pleadings, and orders served upon" Data Axle in this action. 28 U.S.C.A. § 1446(a). Although the March 19, 2024 adjournment letter was not served on Data Axle, Data Axle has nevertheless obtained a copy of it and includes it as Exhibit C.

37.    This Court is part of the district and division within which this action was filed. *Id.*

38.    None of the remaining defendants have been named or identified and thus it is impossible to contact them to see if they will consent to removal. The remaining defendants, if they even exist or are subsequently identified, need not consent to removal for removal to be proper. *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009).

39.     Promptly after filing this Notice of Removal, Data Axle shall cause a true and correct copy of the same to be filed with the Clerk of the Court for the Superior Court of New Jersey, Monmouth County, where the case was filed, pursuant to 28 U.S.C. § 1446(d), along with a Notice of Filing of Notice of Removal, a copy of which is attached hereto as **Exhibit D**.

WHEREFORE, for all the foregoing reasons, Data Axle has properly removed this case, Data Axle respectfully requests this Court to assume full jurisdiction over this action as provided by law, and that this action be entered into the docket for this Court for further proceedings as if the action had originally been instituted to this Court.

Dated:  Florham Park, New Jersey
March 25, 2024

By:     _/s/ Michael D. Margulies_
          Michael D. Margulies
          Julia E. Duffy
CARLTON FIELDS, P.A.
180 Park Avenue, Suite 106
Florham Park, New Jersey 07932
(973) 828-2600
mmargulies@carltonfields.com
jduffy@carltonfields.com


and

Timothy R. Hutchinson (*pro hac vice* forthcoming)
Gregory C. Scaglione (*pro hac vice* forthcoming)
KOLEY JESSEN P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, Nebraska 68124-1079
Tim.Hutchinson@koleyjessen.com
Greg.Scaglione@koleyjessen.com

*Attorneys for Defendant Data Axle, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN,

          Plaintiffs,

          v.

DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

          Defendants.

**LOCAL RULE 11.2 CERTIFICATION**

No.

I, Michael D. Margulies, hereby certify that the matter in controversy between the parties is not subject to any other action pending in any other Court or of a pending arbitration or administrative proceeding other than the state court action, which is the subject of this Notice of Removal, pending in Superior Court of New Jersey, Law Division, Monmouth County, which is styled as *Atlas Data Privacy Corporation, et al. v. Data Axle, Inc,* Docket No. MON-L-000483-24.

Dated: March 25, 2024          CARLTON FIELDS, P.A.

                           By: */s/ Michael D. Margulies*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, and WILLIAM SULLIVAN,

           Plaintiffs,

           v.

DATA AXLE, INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

           Defendants.

**CERTIFICATE OF SERVICE**

No.

I, Julia E. Duffy, hereby certify that on the 25th day of March, 2024, I served true and correct copies of this Notice of Removal and its Exhibits and Civil Cover Sheet, filed in the within action, along with a copy of the State Court Notice of Removal, by U.S. Mail, upon the following:

| | |
|---|---|
| Rajiv D. Parikh<br>Kathleen Barnett Einhorn<br>PEM Law LLC<br>1 Boland Dr., Suite 101<br>West Orange, N.J. 07052<br>info@PEMlawfirm.com | John A. Yanchunis<br>Ryan J. McGee<br>Morgan & Morgan Complex Litigation Group<br>201 North Franklin Street, 7th Floor<br>Tampa, FL 33602<br>jyanchunis@ForThePeople.com<br>rmcgee@ForThePeople.com |

*s/ Julia E. Duffy*